# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3040

_____

Rickey A. Lee,     *

    *

       Petitioner-Appellant,     *   Appeal from the United States

    *   District Court for the

    v.     *   Western District of Missouri.

    *

James A. Gammon, Superintendent,     *

Moberly Correctional Center; Jeremiah     *

Nixon, Attorney General, State of     *

Missouri,     *

    *

       Respondents-Appellees.     *

_____

Submitted: June 11, 1998
Filed: June 24, 1998

_____

Before HANSEN and MURPHY, Circuit Judges, and DOTY[1], District Judge.

_____

MURPHY, Circuit Judge.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

Rickey Lee appeals from the denial by the district court[2] of his petition for habeas corpus under 28 U.S.C. § 2254. He claims that his constitutional rights were violated because his guilty pleas were involuntary. We affirm.

Lee was charged by the state of Missouri with first degree murder and armed criminal action. He was also facing revocation of his federal probation. Under the plea agreement negotiated by his attorney in state court he was to receive concurrent twenty year sentences for a reduced charge of second degree murder and for armed criminal action. Lee claims that he understood from his attorney that any federal sentence would also be concurrent and that he pled guilty with that understanding. The actual period of imprisonment imposed by the federal court was twenty four months consecutive to the state terms.

Lee filed a petition for postconviction relief in the state trial court, alleging that his guilty pleas were involuntary and that he therefore should not have been found guilty. His attorney testified at the evidentiary hearing held on his petition that he discussed the implications of the guilty pleas with Lee. He testified that he explained that the federal court could impose a concurrent sentence, but that the state plea agreement would not control the federal court. After hearing the evidence the postconviction court found that Lee's attorney had never promised that the state and federal sentences would run concurrently. The petition was denied, and the Missouri Court of Appeals affirmed. Lee v. State, 912 S.W.2d 591 (Mo. App. W.D. 1995).

Lee argues that he is entitled to a writ of habeas corpus because his guilty pleas were entered involuntarily. He argues that his counsel did not fully advise him about the nature and consequences of the plea agreement or that the state agreement for concurrent sentences was not binding on the federal court. He claims that he would

_____

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

have proceeded to trial on the state charges of first degree murder and armed criminal action rather than enter guilty pleas if he had known that the federal probation revocation could result in a consecutive term.

The state court specifically found that Lee's counsel had informed him that the federal term for violation of his probation would not necessarily run concurrently, and this factual finding by the state court is presumed to be correct unless contradicted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Lee has not rebutted this presumption of correctness and has not shown that his guilty pleas were involuntary. Lee cites Finch v. Vaughn, 67 F.3d 909 (11th Cir. 1995), in support of his position. That case was different because there was no state court finding there that counsel had advised that consecutive sentences were possible. Id at 912-13. The record supports the state court finding that Lee was informed that his state and federal sentences would not necessarily run concurrently, and he thus has not made the required showing that his pleas were not knowing and voluntary. Mabry v. Johnson, 104 S.Ct. 2543, 2547 (1984).

Accordingly, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-